1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

CENTRAL MORTGAGE COMPANY,

CASE NO. 13cv2331-LAB (JMA)

12

                                      Plaintiff,

**ORDER DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**

13

        vs.

14

DUANE ANDERSON,

**ORDER OF REMAND**

15

                                      Defendant.

16
17
18
19
20
21

        Plaintiff Central Mortgage Company filed an unlawful detainer action in California state court. Defendant Duane Anderson then filed a notice of removal, asserting federal question jurisdiction under 28 U.S.C. § 1441 because, he argues, his defense or counterclaim raises federal questions. Anderson also moved for leave to proceed *in forma pauperis*.

22
23
24
25
26
27
28

        The Court is obliged to examine its own jurisdiction, *sua sponte* if necessary, *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999), and to remand any removed action over which it lacks jurisdiction. 28 U.S.C. § 1447(c). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Under the well-pleaded complaint rule, federal question jurisdiction only exists when the complaint is based on federal law; federal questions in defenses or counterclaims are insufficient. *Vaden v. Discover Bank*, 556

U.S. 49, 59–60, 70 (2009).  The claims in the complaint arise only under state law; no federal question is presented. There is no showing that jurisdiction would exist for some other reason, such as diversity.

Because the notice of removal does not show why this action was removable, it is **REMANDED** to the Superior Court of California for the County of San Diego, from which it was removed. The motion to proceed *in forma pauperis* is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED:  September 30, 2013

**HONORABLE LARRY ALAN BURNS**
United States District Judge